AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

In re Ex Parte Application of Clara Moussa Boustany )
*Plaintiff* )
v. ) Civil Action No.
)
)
*Defendant* )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: President and Fellows of Harvard College, a/k/a Harvard Corporation

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE APPENDIX A

| Place: | Date and Time: |
|---|---|
| 37 Oldfield Dr., Suite 201<br>Sherborn, MA  01770 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:24-mc-91065-AK   Document 1-1   Filed 02/15/24   Page 3 of 7

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**INSTRUCTIONS**

1. Unless otherwise specified, the relevant time period for these requests is January 1, 2018, through the present.

2. The terms "you," "your" and "Harvard" shall mean the President and Fellows of Harvard College, a/k/a Harvard Corporation, its affiliates, direct or indirect subsidiaries, branches, and any of their respective officers, owners, agents, and any other persons acting or purporting to act on their behalf.

3. The term "Fadi Boustany" refers to Fadi Boustany, an individual born on November 10, 1967, of Swiss and Lebanese nationality, as well as any of his agents, attorneys, accountants, consultants, representatives, assignees, and any other individual or entity purporting to act on his behalf.

4. The term "Fadi Boustany Entity" refers to entities of which Fadi Boustany is or was a beneficial owner, or trusts of which Fadi Boustany is a settlor or beneficiary, including the Metropole Group, the Boustany Foundation, and Solidere SAL.

5. The term "Metropole Group" refers to Metropole Group S.A.M., its parents, affiliates, direct or indirect subsidiaries, and any of their respective officers, owners, agents, and any other persons acting or purporting to act on their behalf.

6. The term "Boustany Foundation" refers to the foundation identified and described at https://www.hbs.edu/mba/financial-aid/tuition-assistance/external-funding/Pages/international-students.aspx.

1

7. The full text of the Uniform Definitions in Discovery Requests set forth in of Local Civil Rule 26.5 of the Local Rules of the United States District Courts for the District of Massachusetts is incorporated herein by reference.

8. Produce all documents described below which are in your possession, custody, or control, including those documents in the possession, custody, or control of your present or former attorneys or counsel, advisors, investigators, accountants, employees, or other agents, as well as any other persons or entities acting on your behalf, wherever located and in whatever form they may exist.

9. Produce all documents in their entirety, without deletion or excision, and along with any attachments, regardless of whether you consider the entirety of such documents or attachments to be responsive to any request.

10. Produce all documents maintained or stored electronically in native, electronic format with all metadata intact.

11. All documents produced shall be Bates stamped to facilitate identification and future reference.

12. In objecting to any request, identify the specific grounds for the objection and the part of the request objected to, and state with specificity which documents will be withheld, and which documents will be produced notwithstanding such objection.

13. If you withhold or redact any document responsive to these requests under a claim of privilege, provide the information set forth in Local Civil Rule 34(e) of the Local Rules of the United States District Court for the District of Massachusetts.

14. If in answering these requests you claim any ambiguity in interpreting either a request or a definition or instruction applicable thereto, you shall not use such claim as a basis for

refusing to respond. Instead, you shall set forth as part of your response to such request the language deemed to be ambiguous and the interpretation chosen to be used in responding to the request. You are encouraged to reach out to the attorney who signed this Subpoena to discuss and attempt to resolve any ambiguity in advance of your response to these requests.

15. If you are unable to respond fully to any request, respond to the extent possible and specify the reason(s) for your inability to respond in full. If you have no documents responsive to a particular request, so state.

16. If any responsive document has been destroyed, set forth the contents of the document, the reason for and date of its destruction, the name of the person who authorized its destruction, and the request(s) to which it was responsive. If any responsive document is otherwise not available or accessible, provide a sufficient explanation of the reason(s) therefor.

## DOCUMENTS REQUESTED

1. All documents concerning Fadi Boustany.

2. All documents concerning the Boustany Foundation.

3. All documents concerning any Fadi Boustany Entity.

4. Records of transactions involving Fadi Boustany, the Boustany Foundation, or any Fadi Boustany Entity.

5. Documents sufficient to establish the total amounts contributed to Harvard or any Harvard student, directly or indirectly, through scholarships, endowments, or otherwise, by Fadi Boustany, the Boustany Foundation, or any Fadi Boustany Entity from 2000 through and including the present.

6. Reports or other documents containing financial information concerning Fadi Boustany, the Boustany Foundation, or any Fadi Boustany Entity.

7. Documents concerning the source of funding of the Boustany MBA Harvard Scholarship.

8. Documents concerning the transmission of funds to Harvard or any Harvard student by virtue of any award of the Boustany MBA Harvard Scholarship.