UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re *Ex Parte* Application of<br><br>Clara Moussa Boustany,<br><br>*Applicant*,<br><br>for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding | Case No. _____ |

**MEMORANDUM OF LAW IN SUPPORT OF**
***EX PARTE* APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782**
**TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

Applicant Clara Moussa Boustany respectfully submits this memorandum of law in support of her *ex parte*[1] application for an order pursuant to U.S.C. § 1782 granting her leave to conduct discovery, for use in pending legal proceedings in Monaco, from the President and Fellows of Harvard College, a/k/a Harvard Corporation ("Harvard"), which is found in this district.

This application arises out of divorce proceedings Moussa Boustany's husband, Fadi Boustany, initiated in Monaco in 2022. More specifically, Moussa Boustany seeks to discover evidence of Boustany's income and assets, which she will submit to the Monégasque courts in connection with a dispute regarding the amount of the monthly payments Boustany must pay

---

[1] "[D]istrict courts commonly grant Section 1782 applications *ex parte* as the respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *CFE Int'l LLC v. Denham Capital Mgm't LP*, Case No. 22-mc-91355-FDS, 2022 WL 19558087, at *6 (D. Mass. Sept. 19, 2022) (quotation marks and citation omitted).

1

Moussa Boustany during the divorce proceedings as well as the amount of the compensation Boustany must pay after the end of the marriage.

This application is further supported by the declarations of Moussa Boustany and Thomas Giaccardi, Moussa Boustany's counsel in the Monaco proceedings.

### STATEMENT OF FACTS

Applicant Moussa Boustany and her husband, Fadi Boustany, have been married for approximately 17 years. (CMB ¶ 2)[2] They have three minor children. (*Id.*) Boustany suffers from multiple sclerosis, which has left him almost entirely physically disabled. (*Id.* ¶ 3).

On October 26, 2022, Boustany commenced divorce proceedings before a Monégasque court. (TG ¶¶ 3-4)[3] Under Monégasque law, Moussa Boustany may request a monetary allowance for the duration of the divorce proceedings as well as compensation upon the ending of the marriage based on various criteria, including the income and assets of the parties. (*Id.* ¶ 6). The purpose of the allowance and the compensation is to ensure that Moussa Boustany and her children are able to continue the lifestyle to which they have become accustomed. (*Id.*).

On January 11, 2023, Boustany and Moussa Boustany participated in a "conciliation hearing" — a mandatory preliminary hearing after which a magistrate considers provisional measures to apply during the pendency of the divorce proceedings. (*Id.* ¶ 5). On February 1, 2023, the magistrate issued a decision acknowledging a discrepancy between Boustany's claimed income and his expenses and found that there is a question of fact regarding Boustany's finances. (*Id.* ¶ 7).

---

[2] "CMB" refers to the Declaration of Clara Moussa Boustany filed in support of this application.
[3] "TG" refers to the Declaration of Thomas Giaccardi filed in support of this application.

The divorce proceedings currently are pending before the Monégasque Court of First Instance, which ultimately will decide the consequences of the divorce, taking into account Boustany's income, assets, and lifestyle. (*Id.* ¶¶ 8-9). The parties must submit information about their income and assets, and the documents sought from Harvard will assist Moussa Boustany in so doing. (CMB ¶ 10).

Boustany is believed to control the Boustany Foundation, which is located in Monaco and Switzerland. (CMB ¶ 6). Since approximately 2009, the Boustany Foundation has funded the *Boustany Foundation/Harvard University MBA Scholarship*, which is offered every two years to an international student admitted to the MBA program at Harvard Business School. (*Id.* ¶ 7). Moussa Boustany believes that the Boustany Foundation is funded by Boustany, either directly or through affiliates such as the Metropole Group — a multi-billion-dollar enterprise Boustany also controls. (*Id.* ¶ 6).

Harvard promotes the *Boustany Foundation/Harvard University MBA Scholarship* and keeps track of external funding sources. (*Id*. ¶ 8). Thus, Harvard may have information about the Boustany Foundation that would be relevant to the inquiry into Boustany's finances in the divorce proceeding, including (1) financial reports from the Boustany Foundation, (2) bank accounts used by the Boustany Foundation, (3) the Boustany Foundation's source(s) of funding, and (4) funds controlled by the Boustany Foundation. (*Id.* ¶ 9).

## ARGUMENT

Section 1782 is intended to "provid[e] efficient means of assistance to participants in international litigation and encourag[e] foreign countries by example to provide similar means of

assistance to our courts."[4] In deciding whether to grant a section 1782 application, this Court must consider whether (1) the statutory requirements have been met and (2) the four factors articulated by the United States Supreme Court in *Intel Corp.* weigh in favor of granting the application. As set forth below, the statutory requirements have been met and the *Intel* factors weigh in favor of granting Moussa Boustany's application.

I. **Moussa Boustany's application meets the statutory requirements of 28 U.S.C. § 1782.**

Section 1782 authorizes a district court to order a person to produce documents or testimony for use in a foreign proceeding where three requirements are met: "1) the person from whom discovery is sought 'resides or is found' in the district where the court sits; 2) the request seeks evidence … 'for use in a proceeding in a foreign or international tribunal'; 3) the request is made by 'any interested person'; and 4) the material sought is not protected by 'any legally applicable privilege.'"[5]

This application meets each of those requirements.

*First*, Harvard "resides or is found" in Massachusetts. An entity "resides or is found" for the purposes of Section 1782 in the district where it is headquartered or maintains its principal place of business.[6] According to the Massachusetts Secretary of Commonwealth corporate database, Harvard's headquarters and principal office is at Massachusetts Hall, Cambridge, MA 02138.

---

[4] *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004).
[5] *In re Schlich*, 893 F.3d 40, 46 (1st Cir. 2018) (quoting 28 U.S.C. § 1782).
[6] *In re Valitus, Ltd.*, 2020 WL 6395591, at *5 (D. Mass. Nov. 2, 2020) (citing *Chevron Corp. v. Shefftz*, 754 F. Supp. 2d 254, 260 (D. Mass. 2010).

*Second*, the requested evidence is "for use in a proceeding before a foreign tribunal" — *i.e.*, the Boustany divorce proceedings in Monaco. Courts routinely grant section 1782 applications in connection with foreign divorce proceedings.[7]

*Third*, as a party to the pending Monégasque proceedings, Moussa Boustany is unquestionably an "interested person" under Section 1782.[8]

*Fourth*, the documents sought are financial records and information shared between Harvard and Fadi and/or his affiliates. Moussa Boustany thus has no reason to believe that this discovery would implicate any legally applicable privilege.

## II. The *Intel* factors militate in favor of granting this application.

The Supreme Court has identified four factors that should be considered in ruling on a Section 1782 application: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," (2) the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," (3) whether the discovery request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is "unduly intrusive or burdensome."[9] Each of these factors weighs in favor of granting Moussa Boustany's request for discovery.

---

[7] *See, e.g., In re Request for Judicial Assistance from People's Court of Da Nang City in Vietnam in Matter of Dinh v. Nguyen*, 2022 WL 3327923, at *2 (N.D. Cal. Aug. 11, 2022); *In re Request for Judicial Assistance from 13th Family Court of Istanbul, Turkey in Matter of Canbilek v. Canbilek*, 2022 WL 721912, at *2 (D.N.J. Feb. 18, 2022); *In re MacDonell*, 2020 WL 3961958, at *2 (E.D. Cal. July 13, 2020); *In re Mariani*, 2020 WL 1887855, at *1 (S.D.N.Y. April 16, 2020); *In re Republic of Argentina*, 2020 WL 3046029, at *1 (S.D. Fla. Feb. 12, 2020).
[8] *See Intel Corp.*, 542 U.S. at 256.
[9] *Id.* at 264-265.

5

*First*, Harvard is not a participant in the foreign proceedings — Moussa Boustany and Boustany are the only parties. (TG ¶¶ 3-5, 8). Absent this court's assistance, Moussa Boustany would be unable to obtain the necessary information. Thus, this factor weighs in favor of granting Moussa Boustany's application.[10]

*Second*, the nature of the divorce proceedings is such that the Monégasque court can be expected to be receptive to the information sought via this application. (TG ¶¶ 11-12). "Courts have been instructed to tread lightly and heed only clear statements by foreign tribunals that they would not welcome § 1782 assistance."[11] Here, the Monégasque court must consider Boustany's financial condition in determining the amount of payments Boustany must make to Moussa Boustany. (TG ¶ 9). Thus, the Monégasque court is likely to welcome the evidence of Boustany's holdings, income, and other benefits that Moussa Boustany seeks via this application. (*Id.* ¶ 11).

*Third*, Moussa Boustany is not attempting to circumvent any applicable proof-gathering restrictions. Rather, she is seeking in good faith relevant discovery from a non-party beyond the jurisdiction of the Monégasque court. Monégasque law does not preclude the use of the requested evidence. (*Id.* ¶ 12). To the contrary, as explained above, the Monégasque court is likely to welcome documents concerning Boustany's finances. "[C]ourts in this district have consistently found that the third *Intel* factor does not require that petitioner 'seek the foreign court's blessing …. The inquiry here is whether the discovery is being sought in bad faith.'"[12]

---

[10] *Id.* at 264; *see also In re Akkermansia Co.*, 2023 WL 4015992, at *4 (D. Mass. May 5, 2023).
[11] *In re Porsche Automobil Holding SE*, 2019 WL 5806913, at *7 (D. Mass. Nov. 6, 2019), adopted sub nom. *In re Porsche Automobil Holding SE*, 2020 WL 813710 (D. Mass. Feb. 19, 2020), aff'd, 2021 WL 140638 (1st Cir. Jan. 15, 2021) (quotation marks and citation omitted).
[12] *In re General Electric Co.*, 2022 WL 16720425, at *6 (D. Mass. Nov. 4, 2022) (quoting *Chevron Corp.*, 754 F. Supp. at 262).

*Fourth*, the discovery sought is not burdensome and falls well within the scope of discovery authorized by the Federal Rules of Civil Procedure, which govern discovery under Section 1782.[13] Moussa Boustany seeks only information directly relevant to the Monégasque court's determination of how much Boustany must pay her after the divorce: documents concerning accounts, assets, income, and transactions.[14] Moreover, the requested evidence should be readily accessible in electronic files. Any incidental burden is outweighed by the central importance of the requested information to the divorce proceedings.

## CONCLUSION

For the reasons set forth herein, this Court should grant Moussa Boustany's application and enter an order authorizing her to issue and serve a subpoena on the President and Fellows of Harvard College, a/k/a Harvard Corporation, containing the substance and form of the subpoena attached as Exhibit A to her application.

Dated:     February 14, 2024

Respectfully submitted,

**LUPKIN PLLC**

By:  _____*/s/ Michael B. Smith*_____
         Michael B. Smith, BBO #568584

80 Broad Street, Suite 3103
New York, NY 10004
Tel: (646) 367-2771
msmith@lupkinpllc.com

*Counsel for Clara Moussa Boustany*

---

[13] *See* 28 U.S.C. § 1782(a).
[14] *See* Application of Clara Moussa Boustany for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in a Foreign Proceeding, Ex. A.