UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re *Ex Parte* Application of<br><br>Clara Moussa Boustany,<br><br>       *Applicant*,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding. | Case No. 1:24-mc-91065-AK |

**FADI BOUSTANY'S MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

                     DECHERT LLP

                     Pat Andriola (*pro hac vice*)
                     Gary J. Mennitt (*pro hac vice*)
                     Three Bryant Park
                     1095 Avenue of the Americas
                     New York, New York 10036
                     (212) 698-3500

                     Daniel Murdock
                     One International Place, 40th Floor
                     100 Oliver Street,
                     Boston, MA 02110
                     Tel: (617) 728-7121

                     *Attorneys for Fadi Boustany*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT .............................................................................................................................. 3

I. THE APPLICATION DOES NOT MEET THE STATUTORY REQUIREMENTS OF 28 U.S.C. 1782 ................................................................ 3

    A. The Evidence Sought Is Not "For Use" in a Foreign Proceeding. ............................ 3

    B. The Subpoena Cannot Include Solidere and Metropole. ........................................... 4

II. THE APPLICATION DOES NOT MEET THE DISCRETIONARY REQUIREMENTS UNDER *INTEL* ................................................................................ 5

    A. Fadi Boustany is a Participant in the Foreign Proceeding. ........................................ 5

    B. The Monégasque Court Will Not Be Receptive to Petitioner's Request, Which is an Attempt to Circumvent Foreign Proof-gathering Limits. ....................... 7

    C. Petitioner's Application is a Bad Faith Fishing Expedition. ..................................... 7

III. IF THE APPLICATION IS AT ALL GRANTED, THE COURT SHOULD ENTER THE PROTECTIVE ORDER. ............................................................................. 8

CONCLUSION ........................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Akkermansia Co.*,
   No. 22-MC-91577-DJC, 2023 WL 4015992 (D. Mass. May 5, 2023) ...................................... 8

*In re Alghanim*,
   No. 21-MC-00167, WL 1423088 (S.D.N.Y. May 5, 2022) .................................................... 8

*In re Application of Accent Delight Int'l Ltd.*,
   No. 16-MC-125, 2016 WL 5818597 (S.D.N.Y. Oct. 5, 2016), *aff'd*, 869 F.3d
   121 (2d Cir. 2017) ................................................................................................................ 4

*In re Betapharm Arzneimittel GmbH*,
   No. 1:23-MC-91600-IT, 2024 WL 421996 (D. Mass. Feb. 5, 2024) ....................................... 7

*In re Boustany*,
   No. 23 MISC. 203, 2024 WL 473569 (S.D.N.Y. Feb. 7, 2024) .............................................. 3

*CFE Int'l LLC v. Denham Cap. Mgmt. LP*,
   No. 22-MC-91355-FDS, 2023 WL 2988745 (D. Mass. Mar. 6, 2023) ..................................... 7

*In Re: Clara Moussa Boustany*,
   1:23-mc-203 (S.D.N.Y. 2023) ................................................................................................ 3

*Euromepa S.A. v. R. Esmerian, Inc.*,
   51 F.3d 1095 (2d Cir. 1995) ................................................................................................ 7, 8

*In re Gen. Elec. Co.*,
   No. 22-cv-91125-IT, WL 16720425 (D. Mass. Nov. 2, 2022) ................................................ 7

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004) ............................................................................................................ 5, 6

*Inv. Vehicles v. KPMG, L.L.P.*,
   798 F.3d 113 (2d Cir. 2015) ................................................................................................... 4

*In re Komanokai*,
   No. 20-mc-80149-KAW, WL 6684565 (N.D. Cal. Nov. 12, 2020) ........................................ 7

*In re Porsche Automobil Holding SE*,
   2019 WL 5806913 (D. Mass. Nov. 6, 2019), *aff'd*, 2021 WL 140638 (1st Cir.
   Jan. 15, 2021) ......................................................................................................................... 6

*In re Porsche Automobil Holding SE*,
   No. 20-1239, 2021 WL 140638 (1st Cir. Jan. 15, 2021) ......................................................... 5

*In re RSM Prod. Corp.*,
    No. 17mc213, WL 1229705 (S.D.N.Y. Mar. 9, 2018) ............................................................... 8

*In re Schlich*,
    893 F.3d 40 (1st Cir. 2018) ............................................................................................. 3, 5, 8

**Statutes**

28 U.S.C. 1782 ................................................................................................................. *passim*

Fadi Boustany ("Fadi") opposes the request by Petitioner Clara Moussa Boustany (the "Petitioner" or "Clara") to issue the proposed subpoena (Doc. No. 1-1) (the "Subpoena") to Respondent President Fellows of Harvard College a/k/a/ Harvard Corporation ("Harvard").

## PRELIMINARY STATEMENT

Petitioner's harassment campaign, orchestrated across three federal districts and four miscellaneous actions to extract settlement pressure on Fadi in their divorce proceeding, has entered a new phase: attempting to sully Fadi's efforts to ease the financial burden of applicants to Harvard's MBA program. The Petition should be denied on both statutory and discretionary grounds. Critically, Petitioner omits that in her divorce proceeding with Fadi (the "Monégasque Divorce Proceeding"), the Monégasque court has appointed an independent expert, Mr. Munoz, who is managing discovery of the dispute regarding income and assets. The requested discovery is therefore not "for use" in a foreign proceeding—a statutory requirement—because neither the judge in Monaco nor Mr. Munoz has authorized Clara to seek this discovery.

The Court should also deny this application on discretionary grounds. First, the application fails to set out what information it seeks that can *only* be found in Harvard's possession, as opposed to information that the Monégasque judge and expert have ordered (or can order) from Fadi. Second, the Petition contains overly burdensome requests into entities entirely unrelated to the Harvard Scholarship. Third, the Petition should be denied because its main purpose is to harass: this is Clara's *fourth* Section 1782 petition in U.S. federal courts *since last year* concerning Fadi, who suffers from multiple sclerosis and has had to expend significant effort overseeing litigation across the globe. The Petition should be denied.

**STATEMENT OF FACTS**

The Petitioner's statement of facts provides basic details of the foreign litigation while omitting significant facts. Fadi therefore submits a declaration from his counsel in the Monégasque Divorce Proceeding (the "Pasquier-Ciulla Decl.") to provide important context.

Fadi first brought the Monégasque Divorce Proceeding, after which the Monégasque judge "ordered a financial appraisal, assigning it to the independent Parisian accountant, Mr. Munoz." *Id*. ¶¶ 3-9.  Mr. Munoz is tasked with "[r]eceiving all deeds and documents deemed useful for the fulfillment of his assignment, [c]onducting a full analysis of the assets and liabilities of both spouses, [r]esearching, completely and accurately, the nature and significance of the spouses' income," and "[i]ssuing a written expert report on his operations[.]" *Id*. ¶ 9.

Yet in February 2023, Fadi discovered that documents from the Proceeding were disclosed on the internet and in the press. *Id*. ¶ 10.  This was in violation of the Monégasque Civil Code, as divorce proceedings are "confidential and take place in camera." *Id*. ¶ 11.  Fadi then filed civil and criminal complaints concerning the leak. *Id*. ¶ 12. In June 2023, the Monégasque judge entered a Judgment concerning the sensitivity of documents in the matter, and laid down a procedure for Mr. Munoz to conduct his expert analysis. *Id*. ¶ 13. Per the Judgment, Fadi's counsel will provide Mr. Munoz with documents requested by him through a confidential internet platform only accessible to him. *Id*. Mr. Munoz will then "use those documents and draft an analysis note mentioning and describing the elements relevant to the appraisal," and the note "will be discussed between the expert and the technical attorneys that both parties each designate," who "shall also sign a non-disclosure agreement first." *Id*. If Clara's attorneys "believe it is necessary…to view certain documents, the parties shall meet in the presence of the expert in order to determine the terms[.]" *Id*. Fadi provided Mr. Munoz with requested documents on September 15 and October 31, 2023. *Id*. ¶ 15. Despite this clear procedure,

Clara's petition here is now the *fourth* she has filed in the United States. Clara first brought actions in the Southern Districts of New York and Florida seeking discovery from friends of Fadi.[1] Judge Schofield of S.D.N.Y., however, denied Clara's recent application—the only one contested—finding her allegations "insufficient to carry [her] burden." *In re Boustany*, 2024 WL 473569, at *2 (S.D.N.Y. Feb. 7, 2024).

## ARGUMENT

### I. The Application Does Not Meet the Statutory Requirements of 28 U.S.C. 1782

Section 1782(a) states that a "district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." A court has statutory authority to issue a subpoena "only if: 1) the person from whom discovery is sought 'resides or is found' in the district where the court sits; 2) the request seeks evidence (the 'testimony or statement' of a person or the production of a 'document or other thing') 'for use in a proceeding in a foreign or international tribunal'; 3) the request is made by a foreign or international tribunal or by 'any interested person'; and 4) the material sought is not protected by 'any legally applicable privilege.'" *In re Schlich*, 893 F.3d 40, 46 (1st Cir. 2018).

#### A. The Evidence Sought Is Not "For Use" in a Foreign Proceeding.

Petitioner cannot meet her burden of establishing that the evidence sought is properly for use in a foreign tribunal, as it has not been requested by Mr. Munoz, and does not conform to the Monégasque Court's confidentiality procedures. When an applicant has "identified no way in which they can 'use' the evidence they seek in any of the ongoing foreign proceedings," which requires "some means of injecting the evidence into the proceeding," they are not statutorily

---

[1] *See In Re: Clara Moussa Boustany*, 1:23-mc-000203 (S.D.N.Y. 2023) and 1:23 mc-20365 (S.D.F.L. 2023). Respondents did not contest those applications to avoid significant legal fees.

-3-

authorized to issue subpoenas under § 1782. *See Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 120 (2d Cir. 2015). Here, the leak of confidential information in the Monégasque Divorce Proceeding has led to court-ordered procedures regarding documentation of the parties' assets. Pasquier-Ciulla Decl. ¶ 13. It is the expert, Mr. Munoz, who has the power to obtain documents provided directly to him. *Id*. ¶ 15. And Petitioner (and her attorney) are not authorized to review documentation regarding Fadi's assets unless it is in the presence of Mr. Munoz after discussion amongst the parties. *Id*. ¶ 13. Petitioner should thus be required to provide this Court with assurances from the Monégasque judge or Mr. Munoz that the requested discovery would not be usurping the role of the assigned expert. Indeed, that is exactly what a federal judge did in a similar § 1782 application seeking discovery for use in Monaco. *See In re Application of Accent Delight Int'l Ltd.*, 2016 WL 5818597, at *1 (S.D.N.Y. Oct. 5, 2016), *aff'd*, 869 F.3d 121 (2d Cir. 2017), *and aff'd*, 696 F. App'x 537 (2d Cir. 2017). To ensure she has met her statutory burden, Clara should be similarly required.

   **B.**   **The Subpoena Cannot Include Solidere and Metropole.**

Petitioner supports her application for discovery with a declaration in which she claims that the Boustany Foundation has been funding a scholarship at Harvard Business School for roughly fifteen years. Doc. No. 3 ¶¶ 7-8. She therefore believes that Harvard may have information regarding "financial reports," "bank accounts," and "source(s) of funding" of the Boustany Foundation. *Id*. ¶ 9. This declaration—supported by links to two different public websites—serves as the *entirety* of the basis of Clara's submission. *See generally id.* Yet the Subpoena's text reveals a sleight-of-hand. Although it requests information relevant to Fadi and the Boustany Foundation, it also instructs Harvard to provide records related to "Fadi Boustany Entities," which are defined to include "Metropole Group" and "Solidere SAL." Subpoena ¶ 5. Yet *nowhere* in Petitioner's moving papers does she provide a basis for the Solidere request; indeed, the name "Solidere" is

found *nowhere in her briefing*, despite Solidere being a major Lebanese company. And the only basis for Metropole is pure speculation. Doc. No. 3 ¶ 6. Petitioner has presented no "concrete basis" for her requests as they relate to the "Fadi Boustany Entities," and therefore fails the statutory requirement.

**II.     The Application Does Not Meet the Discretionary Requirements Under *Intel***

Even "[i]f all of the[ Section 1782] statutory requirements are met, the district court is authorized, but not required, to provide judicial assistance by permitting discovery." *Schlich*, 893 F.3d at 46. "In exercising this discretion, courts consider (1) whether the discovery is sought from a participant in a foreign proceeding (thereby suggesting that the foreign tribunal might obtain the discovery 'absent § 1782(a) aid'); (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad' to assistance from U.S. federal courts; (3) whether a section 1782 request 'conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States'; and (4) whether the subpoena contains 'unduly intrusive or burdensome requests.'" *In re Porsche Automobil Holding SE*, 2021 WL 140638 (1st Cir. Jan. 15, 2021) (quoting factors from *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)). "The district court's discretion to allow discovery if all § 1782 requirements are met is not boundless. Rather, district courts must exercise their discretion under § 1782 in light of the twin aims of the statute: 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'" *Schlich*, 893 F.3d at 46–47 (1st Cir. 2018) (quoting *Intel*)).

**A.     Fadi Boustany is a Participant in the Foreign Proceeding.**

Petitioner's request is unwarranted under the first *Intel* factor because Fadi is a participant in the foreign proceeding and is in full compliance with discovery requirements regarding his

financials. *See generally* Pasquier-Ciulla Decl. The Monégasque Court and appointed expert are therefore authorized to seek information concerning Harvard. As the Supreme Court has explained, "[w]hen the person from whom discovery is sought is a participant in the foreign proceeding...the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in foreign proceedings may be outside the foreign tribunal's jurisdictional reach; thus, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel Corp.*, 542 U.S. at 244. This analysis centers on "the critical question [of] whether the information targeted is within the foreign tribunal's jurisdictional reach." *In re Porsche Automobil Holding SE*, 2019 WL 5806913, at *6 (D. Mass. Nov. 6, 2019), *aff'd*, 2021 WL 140638 (1st Cir. Jan. 15, 2021).

Here, although Harvard is the nominal Respondent, the discovery target is Fadi. Petitioner seeks records reflecting financial transactions between Fadi and Harvard. *See, e.g.*, Subpoena at 4 (requesting documents reflecting, *inter alia*, "financial information concerning Fadi," "the source of funding of the Boustany MBA Harvard Scholarship," "the transmissions of funds to Harvard"). Put differently, the Court's query under *Intel* (as applied by *In re Porsche*) is whether the Monégasque Court could request this information from Fadi; the answer is *unquestionably yes*. The vast majority of information sought is non-unique to Harvard. At the least, Petitioner has not specified which information *could not* be obtained from Fadi, and when a subpoena does "not tailor the requests to documents or information that are exclusively in the possession of [Respondent] and may be obtainable from the parties in [the foreign proceeding]," as here, "the rationale for the first factor, *i.e.*, the need for foreign discovery that would otherwise

be unavailable, is lessened." *CFE Int'l LLC v. Denham Cap. Mgmt. LP*, 2023 WL 2988745, at *7 (D. Mass. Mar. 6, 2023) (denying application). Because Clara has failed to explain what information is solely with Harvard, the first *Intel* factors weighs heavily against the Petition.

### B. The Monégasque Court Will Not Be Receptive to Petitioner's Request, Which is an Attempt to Circumvent Foreign Proof-gathering Limits.

Petitioner has attempted to circumvent the order appointing Mr. Munoz to oversee the parties' discovery obligations. *See* § I *supra*. She instead seeks "to obtain discovery [she] could not otherwise obtain under the governing rules" of Monaco—*i.e.* discovery not requested by Mr. Munoz. *See CFE Int'l LLC*, 2023 WL 2988745, at *8 (denying application on *Intel* grounds). Clara therefore has "no independent basis for submitting such evidence to" the Monégasque Court. *In re Betapharm Arzneimittel GmbH*, 2024 WL 421996, at *3 (D. Mass. Feb. 5, 2024) (denying application on *Intel* grounds).

### C. Petitioner's Application is a Bad Faith Fishing Expedition.

The fourth *Intel* factor weighs heavily in favor of denial, as the Subpoena is broad, vague, and not properly supported. Moreover, the Petition is Clara's *fourth* attempt to harass Fadi; she previously subpoenaed two of his friends, followed by his banking partners. Section 1782 is not a tool for foreign litigants to extract settlement pressure against adversaries.

"[R]equests are unduly intrusive and burdensome when they are not narrowly tailored, request confidential information, and appear to be a broad 'fishing expedition' for irrelevant information." *In re Gen. Elec. Co.*, WL 16720425, at *7 (D. Mass. Nov. 2, 2022) (cleaned up). And "[e]ven if the applicant satisfies the discretionary *Intel* factors, [a] request should be denied if the court suspects that the request is a fishing expedition or a vehicle for harassment." *In re Komanokai*, WL 6684565, at *3 (N.D. Cal. Nov. 12, 2020) (quotations omitted). *See also Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 n.2 (2d Cir. 1995). District courts often

deny applications on this ground. *See, e.g., In re Alghanim*, WL 1423088, at *5 (S.D.N.Y. May 5, 2022); *In re RSM Prod. Corp.*, WL 1229705, at *3 (S.D.N.Y. Mar. 9, 2018).

Here, Clara could have requested that the Monegasque judge authorize her application. She did not. She could have requested that Mr. Munoz seek this information. She did not. She could have chosen respondents who were not personal friends and charitable partners of Fadi. She did not. Instead she filed four *ex parte* applications in Miami, New York, and now Boston, with her most recent application in S.D.N.Y. denied for failure to meet her burden. And here she attempts to sneak in information concerning Solidere, a major Lebanese public company, in a tucked-away paragraph of the Subpoena, rather than address the request in a forthcoming manner, which is clear evidence of bad faith. The same is true of the Subpoena's request for "[a]ll documents concerning Fadi Boustany," Subpoena at 4 ¶ 1, which is not at all limited to the allegations in the Petition. *See In re Akkermansia Co.*, 2023 WL 4015992, at *5 (D. Mass. May 5, 2023) (denying application in part when requests "go beyond the events" of the foreign litigation). The harassment campaign should not be sanctioned by this Court, as it undermines the "twin aims" of § 1782. *Schlich*, 893 F.3d at 46-47 (1st Cir. 2018).

**III.     If the Application is At All Granted, The Court Should Enter the Protective Order.**

If the Court does not entirely deny the application (though it should), it should enter the proposed protective order (Ex. 1). Courts routinely enter protective orders when discovery pursuant to § 1782 is authorized. *See Euromepa*, 51 F.3d at 1100 n.4. The Protective Order ensures that Clara use this information in the manner intended by the Monégasque court. Clara has not opposed entry of similar protective orders in any other § 1782 action concerning Fadi.

## CONCLUSION

Petitioner's application should be denied for the reasons stated herein.

Dated:  June 24, 2024

        */s/ Pat Andriola*

        Pat Andriola (*pro hac vice*)
        Gary J. Mennitt (*pro hac vice*)
        DECHERT LLP
        Three Bryant Park
        1095 Avenue of the Americas
        New York, New York  10036
        (212) 698-3500
        pat.andriola@dechert.com
        gary.mennitt@dechert.com

        Daniel Murdock
        One International Place, 40th Fl.
        100 Oliver Street,
        Boston, MA 02110
        Tel: (617) 728-7121
        daniel.murdock@dechert.com

        *Attorneys for Fadi Boustany*

## CERTIFICATE OF SERVICE

I, Pat Andriola, hereby certify that on June 24, 2024, this document, which was filed through CM/ECF, will be sent electronically to the registered participants as identified on the NEF, and copies will be sent via electronic mail and first-class mail to those indicated as non-registered participants.

/s/ Pat Andriola

Pat Andriola (*pro hac vice*)
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500