UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re *Ex Parte* Application of<br>Clara Moussa Boustany,<br><br>     *Applicant*,<br><br>For an Order Pursuant to 28 U.S.C. § 1782<br>Granting Leave to Obtain Discovery for Use<br>in a Foreign Proceeding. | MBD No. 1:24-mc-91065-AK |

### PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S
### RESPONSE TO APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782

  Respondent President and Fellows of Harvard College ("Harvard"), by and through its undersigned counsel, hereby submits this response to Applicant Clara Moussa Boustany's Application for an Order Under 28 U.S.C. § 1782 (Doc No. 1). As explained below, even if it otherwise meets the statutory requirements under 28 U.S.C. § 1782, Harvard submits that Ms. Boustany's application for the issuance of a subpoena to Harvard should be denied on the grounds that her proposed subpoena is unduly intrusive and burdensome. At a minimum, this Court should significantly narrow the scope of Ms. Boustany's proposed subpoena to address the vagueness, overbreadth, privacy, and confidentiality concerns that it presents.

### STANDARD OF REVIEW

  This Court may grant discovery under 28 U.S.C. § 1782 only if "(1) the person or entity from whom the discovery is sought 'resides or is found' in the district where the court sits, (2) the request seeks [testimony or the production of documents] 'for use in a proceeding in a foreign or international tribunal'; (3) the request is made by a foreign or international tribunal or

by 'any interested person'; and (4) the material sought is not protected by 'any legally applicable privilege.'" *In re Schlich*, 893 F.3d 40, 46 (1st Cir. 2018) (quoting 28 U.S.C. § 1782).

Even where all four statutory criteria under § 1782 are met, however, this Court retains broad discretion over whether and how to authorize such discovery. *See Intel. Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). Specifically, in making a final determination regarding the requested discovery, the court should consider four discretionary factors (the so-called "*Intel* factors"): (1) whether the person or entity from whom the discovery is sought is a party to the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request "conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome" to the extent that it should either be "trimmed" or rejected outright." *Schlich*, 893 F.3d at 47 (citing *Intel Corp.*, 542 U.S. at 264-65).

## ARGUMENT

In her application, Ms. Boustany asks this Court to authorize the issuance of a subpoena to Harvard for use in connection with an ongoing divorce proceeding in Monaco. *See* Application (Doc No. 1); C. Boustany Mem. (Doc No. 2). Ms. Boustany's husband has objected to the application. *See generally* F. Boustany Mem. (Doc No. 21). Ms. Boustany and her husband dispute whether the application satisfies the four statutory requirements. The parties also dispute whether Ms. Boustany's proposed subpoena should be authorized under the discretionary *Intel* factors.

Harvard is not a party to the proceedings in Monaco, and it takes no position regarding the application of either the various § 1782 statutory factors or the first three discretionary *Intel*

2

factors. With respect to the fourth discretionary *Intel* factor, however, Harvard submits that Ms. Boustany's proposed subpoena to Harvard is both "unduly intrusive" and "burdensome." Accordingly, if the Court reaches the issue, it should either reject the subpoena application or, at a minimum, the proposed subpoena should be substantially "trimmed." *Schlich*, 893 F.3d at 47 (citing *Intel Corp.*, 542 U.S. at 265).

*First*, the proposed subpoena seeks documents from "Harvard," which it defines as including *all* of Harvard's "affiliates, direct or indirect subsidiaries, branches, and any of their respective officers, owners, agents, and any other persons acting or purporting to act on their behalf." *See* Proposed Subpoena, Schedule A, Instruction No. 2 (Doc No. 1-1). As this Court likely knows, Harvard is a sprawling academic institution, comprised of more than fifteen different degree-awarding schools and faculties, multiple affiliated and related entities, and hundreds of different initiatives, academic centers, and programs. *See, e.g.*, Harvard, *Fact Book: Faculties & Allied Institutions*, https://oira.harvard.edu/factbook/fact-book-faculties (last visited Jun. 21, 2024). The broad definition of "Harvard" set forth in Schedule A of Ms. Boustany's proposed subpoena, if authorized by this Court, would therefore impose an enormously burdensome and unmanageable obligation upon Harvard and its many affiliates. At a minimum, that definition should be limited to include only Harvard Business School, the lone Harvard entity that is referenced in Ms. Boustany's application as having any connection to the underlying dispute. *See* C. Boustany Mem. at 3 (Doc No. 2); *see also* C. Boustany Decl. ¶¶ 7–8 (Doc No. 3).

*Second*, while Harvard is reasonably capable of identifying certain documents at the Harvard Business School relating to Fadi Boustany and the Boustany Foundation, the proposed subpoena also seeks *all* documents concerning "any Fadi Boustany Entity." *See* Proposed

3

Subpoena, Schedule A, Requests Nos. 3, 4, 5 (Doc No. 1-1). The Instructions to the proposed subpoena state that this term "refers to entities of which Fadi Boustany is or was a beneficial owner, or trusts of which Fadi Boustany is a settlor or beneficiary, including the Metropole Group, the Boustany Foundation, and Solidere SAL." *Id.* at Instruction No. 4. The Instructions further define the term "Metropole Group" to include Metropole Group S.A.M., its parents, affiliates, direct or indirect subsidiaries, and any of their respective officers, owners, agents and any other persons acting or purporting to act on their behalf." *Id.* at Instruction No. 5. But Harvard is in no position to determine the nature and scope of Mr. Boustany's alleged beneficial interests in *any* entity. Nor is Harvard in a position to identify any of the various affiliates, officers, or agents of the so-called "Metropole Group." Accordingly, the inclusion of those broad and vaguely worded definitions renders the proposed subpoena unduly burdensome for Harvard. For that additional reason, the application should be denied or, at a minimum, narrowed to include only documents relating to either Fadi Boustany or the Boustany Foundation.

*Third*, the documents sought by the proposed subpoena are at least in part protected by the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g, 34 C.F.R. Part 99, a federal law which is designed to protect the privacy of student education records. *See id.* at Requests Nos. 7-8 (seeking documents concerning the Boustany MBA Harvard Scholarship). Educational records protected by FERPA necessarily include information relating to scholarships received by students in connection with their attendance at universities such as Harvard. *See* 20 U.S.C. § 1232g(4)(A). Moreover, while there are circumstances where FERPA-protected student information may be disclosed pursuant to a lawfully issued subpoena, Ms. Boustany's Application offers no justification for this Court to issue a broad order compelling Harvard to disclose any FERPA-protected, student-identifying information in

4

connection with the proposed subpoena. *Compare In re Abubaker*, 2023 WL 6392307 (N.D. Ill., Sept. 30, 2023) (finding that the applicant under § 1782 had satisfied the "heavier burden" of establishing a justification for compelling production of FERPA-protected records where the student whose records were requested both was a litigant in the foreign jurisdiction and had made the FERPA-protected information the subject of the foreign dispute).

Here, the students whose information could be disclosed by the subpoena have no connection to the underlying divorce litigation in Monaco. Moreover, Ms. Boustany herself purports to be seeking only the "financial records" relating to any funds transfers between her husband and Harvard. *See* Application at 5 (Doc No. 1); *see also id.* at 7 (explaining that Ms. Boustany is seeking information regarding "accounts, assets, income and transactions"). The identities of any scholarship recipients are therefore wholly irrelevant to the underlying divorce dispute. Accordingly, to the extent that any subpoena is approved by the Court, Harvard respectfully requests that it be authorized to redact any student-identifying FERPA-protected information (including student names and ID numbers) from any documents that might be produced in response to the subpoena. *See Schlich*, 893 F.3d at 47 (explaining that if a request is too burdensome or overbroad it may be "trimmed").[1]

*Fourth*, the proposed subpoena is overbroad and unduly burdensome in that it seeks information regarding financial transactions for a nearly twenty-four-year period spanning "from 2000 through and including the present." Proposed Subpoena, Schedule A, Request No. 5 (Doc

---

[1] Harvard notes that whether FERPA creates an "independent privilege" for educational records has been the subject of some legal debate. *See, e.g.*, *McDaniel v. Loyola Univ. Med. Ctr.*, 2015 WL 13901029, at *2 (N.D. Ill., Apr. 28, 2015). To the extent Ms. Boustany's proposed subpoena appears seeks information protected by FERPA, it may therefore also fail under the fourth statutory factor—that the material sought is not protected by "any legally applicable privilege," *In re Schlich*, 893 at 46—unless appropriately narrowed by this Court.

No. 1-1). Any financial records regarding transactions occurring prior to June 2017 fall outside the standard seven-year window for retention of such records, and it would therefore be unduly burdensome (and perhaps impossible) for Harvard to recover such records, assuming they still exist. Should this Court approve a subpoena in this case, it should accordingly limit the time period of the request for any financial records to no longer than the standard seven-year retention period.

*Finally*, Harvard should not be required to produce any records disclosing confidential banking information relating to Harvard, its affiliates, or any of its students. While Ms. Boustany contends that banking information regarding Mr. Boustany and/or the Boustany Foundation may be relevant to the proceedings in Monaco, she does not contend (nor could she credibly contend) that the confidential banking information of Harvard, its affiliates, or its students would have any relevance to that matter. Accordingly, to the extent that any subpoena is ultimately approved by the Court, Harvard should be authorized to redact such confidential banking information from any documents produced in response to the subpoena. *Schlich*, 893 F.3d at 47.

## **CONCLUSION**

For all the foregoing reasons, Harvard respectfully requests that this Court issue an Order denying Ms. Boustany's Application for an Order Under 28 U.S.C. § 1782 on the grounds that the proposed subpoena to Harvard is unduly intrusive and burdensome.

In the alternative, this Court should issue an Order (1) narrowing the proposed subpoena to documents maintained by Harvard Business School relating solely to Fadi Boustany and the Boustany Foundation, (2) limiting the time period of the requests to a period of no more than seven years prior to the date of issuance, and (3) authorizing Harvard to redact and/or withhold any FERPA-protected and/or student-identifying information as well as any confidential banking information of Harvard, any of its affiliates, or any of its students.

<table>
<tr><td>

Dated: June 24, 2024

</td><td>

Respectfully submitted,

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE

By its attorneys,

/s/ *Daniel J. Cloherty*
Daniel J. Cloherty (BBO #565772)
dcloherty@clohertysteinberg.com
Alexandra Arnold (BBO #706208)
aarnold@clohertysteinberg.com
CLOHERTY & STEINBERG LLP
One Financial Center, Suite 1120
Boston, MA 02111
(617) 481-0160

</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on NEF, and copies will be sent to those indicated as non-registered participants on June 24, 2024.

/s/ *Daniel J. Cloherty*
Daniel J. Cloherty

7