UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re *Ex Parte* Application of Clara Moussa Boustany,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding. | MBD No. 1:24-mc-91065-AK |

**CONSOLIDATED REPLY MEMORANDUM IN SUPPORT OF CLARA MOUSSA BOUSTANY'S 28 U.S.C. § 1782 APPLICATION**

Michael B. Smith (BBO# 568584)
LUPKIN PLLC
80 Broad Street, Suite 3103
New York, New York 10004
Tel: (646) 367-2771
msmith@lupkinpllc.com
*Counsel for Clara Moussa Boustany*

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .................................................................................... ii

PRELIMINARY STATEMENT ............................................................................ 1

I. Clara has met the statutory requirements of § 1782 .............................................. 2

II. The *Intel* factors weigh in favor of granting Clara's application ............................. 3

A. Harvard is not a participant in the foreign proceeding ....................................... 3

B. The court-appointed accountant is empowered to hear from the parties and receive "all documents … deemed useful." ........................................................ 4

C. The subpoena is narrowly tailored — and has been further refined through the meet-and-confer process .......................................................................... 5

1. Clara and Harvard have resolved Harvard's objections .................................... 5

2. Fadi's objections are without merit .................................................................. 6

III. Clara has no objection to the entry of a reasonable protective order ...................... 7

CONCLUSION ....................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*,
798 F.3d 113 (2d Cir. 2015) .......... 2

In *CFE Int'l LLC v. Denham Cap. Mgmt*. LP,
2023 WL 2988745 (D. Mass. Mar. 6, 2023) .......... 4

*In re Accent Delight Int'l Ltd.*,
No. 16-MC-125 (JMF), 2016 WL 5818597 (S.D.N.Y. Oct. 5, 2016) .......... 3

*In re Betapharm Arzneimittel GmbH,*
*2024 WL 421996, (D. Mass. Feb. 5, 2024)* .......... 5

*In re Schlich*,
893 F.3d 40 (1st Cir. 2018) .......... 4

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004) .......... 3, 4, 5

**Statutes**

28 U.S.C. § 1782 .......... passim

## PRELIMINARY STATEMENT

Fadi[1] challenges only one of the four statutory factors under 28 U.S.C. § 1782, arguing that the evidence Clara seeks — evidence of Fadi's assets — is not "for use" in a foreign proceeding because there is no mechanism by which Clara can introduce evidence to the accountant appointed by the Monégasque court to determine "the truth about [Fadi's] finances." But this is not so. As Fadi's own attorney has attested, the Monégasque court specifically empowered the accountant to receive evidence from the parties. Thus, Clara has met all four statutory factors.

Fadi also argues that the first discretionary *Intel* factor weighs against Clara because Fadi is a participant in the Monégasque proceeding. But the first *Intel* factor asks whether the party from whom discovery is sought — here, Harvard — is a participant. Because Harvard is not a participant in the Monégasque proceeding, the first *Intel* factor weighs in Clara's favor.

In arguing that the second *Intel* factor — whether the Monégasque court would be "receptive" to the discovery being sought — weighs against Clara, Fadi repeats his erroneous assertion, made in the context of the first statutory factor discussed above, that there is no way to introduce evidence to the court-appointed accountant. The second *Intel* factor thus weighs in Clara's favor.

Fadi concedes that the third *Intel* factor weighs in Clara's favor.

Finally, Fadi argues that Clara is on a fishing expedition because she has filed other § 1782 applications seeking evidence of Fadi's finances. But those applications — which have yielded relevant information, documents, and testimony — prove only that

[1] For the sake of clarity, Fadi Boustany and Clara Moussa Boustany are referred to herein as "Fadi" and "Clara", respectively. No disrespect is intended.

evidence of Fadi's finances can be found in several different federal districts. Fadi also argues that Clara should not be allowed to seek information pertaining to two Fadi-related entities that are mentioned in the subpoena, because she does not mention those entities in her memorandum of law. But there is no dispute that those entities are related to Fadi and, in any event, Clara has presented ample evidence to support the inclusion of those entities in the subpoena.

Harvard objected on grounds of burden, but Clara has worked with Harvard to resolve those objections.

## I. Clara has met the statutory requirements of § 1782.

Harvard takes no position regarding the application of any of the statutory factors; Fadi concedes three of the four factors, challenging only whether the application seeks evidence "for use" in the Monégasque proceeding. Fadi Opp., ECF Doc. No. 21, at 1. Specifically, Fadi contends that the evidence sought is not "for use" in a foreign proceeding because Clara has "identified no way in which [she] can 'use' the evidence [she] seek[s] in [the Monégasque divorce proceedings]." *Id.* 3 (quoting *Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 120 (2d Cir. 2015)).

But Fadi himself has identified the process by which Clara may "inject[] the evidence into the proceeding." *Id.* According to Fadi's Monégasque counsel, the judge in the divorce proceedings "ordered a financial appraisal, assigning it to independent Parisian accountant, Mr. Munoz, who has the task of: [h]earing both parties [and r]eceiving all deeds and documents deemed useful for the fulfilment of his assignment …." Pasquier Ciulla Decl., ECF Doc. No. 22, ¶ 9. Since the court-appointed accountant is explicitly authorized to receive documents from the parties, Clara has a

clear avenue for the presentation of evidence collected via this proceeding. Indeed, as Fadi admits, "Mr. Munoz … has the power to obtain documents provided directly to him." Fadi Opp. 4.

Fadi contends that the Southern District of New York's decision in *In re Accent Delight Int'l Ltd.*, No. 16-MC-125 (JMF), 2016 WL 5818597 (S.D.N.Y. Oct. 5, 2016) requires Clara to provide this Court with "assurances" from the Monégasque judge or the accountant "that the requested discovery would not be usurping the role of the assigned expert." Fadi Opp. 4. But that case is inapposite. The court in that case only required input from the foreign magistrate because the applicants had disclaimed the right to seek damages in the foreign proceeding, and thus their standing — and ability to submit documents — was in question. *In re Accent Delight, 2016 WL 5818597, at *1*. The foreign magistrate clarified that issue. *Id.* at *2. By contrast, Clara's standing in the Monégasque proceeding is not in question — nor is it conceivable that Clara could "usurp[] the role of the assigned expert" by providing him with evidence pertinent to his assignment.

## II. The *Intel* factors weigh in favor of granting Clara's application.

### A. Harvard is not a participant in the foreign proceeding.

The first *Intel* factor considers whether the person from whom discovery is sought is a participant in the foreign proceeding. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004). Since Harvard is not a participant in the foreign proceeding (*see* Harvard Opp., ECF Doc. No. 23, at 2), and Fadi has not shown that the Monégasque court can order Harvard to produce the requested evidence, this factor weighs in Clara's favor.

Fadi cites no authority to support his argument that a third party should be considered a participant in the foreign proceeding if the application seeks evidence of transactions between that party and the person or entity from whom § 1782 discovery is sought. Nor is his argument consistent with the purpose of this factor: to determine whether the foreign tribunal can itself order the respondent to produce the evidence. *Intel*, 542 U.S. at 264. There is no evidence that the Monégasque court or its examiner could compel Harvard to produce those records. Nor is there evidence that Fadi possesses the requested records, or that the foreign tribunal could compel Fadi to produce records located outside of Monaco. Moreover, given the Monégasque court's finding that Fadi gave inconsistent information about his finances (*see* Giaccardi Decl., ECF Doc. No. 4, ¶ 7), and the suggestion that Fadi is concealing income and assets from the Monégasque court (Moussa Boustany Decl., ECF Doc. No. 3, ¶ 4), it is plausible that Fadi might not produce the records even if he could be — and was — required to do so.

**B. The court-appointed accountant is empowered to hear from the parties and receive "all documents … deemed useful."**

The second *Intel* factor concerns whether the foreign tribunal would be "receptive to the discovery sought." *In re Schlich*, 893 F.3d 40, 48 (1st Cir. 2018). Here, Fadi repeats his contention that the court-appointed accountant cannot receive documents he did not specifically request. *See* Fadi Opp. 7. But the opposite is true: the accountant is empowered to hear from the parties and receive their documents. Pasquier-Ciulla Decl. ¶ 9. Neither of the cases Fadi cites suggests otherwise. In *CFE Int'l LLC v. Denham Cap. Mgmt.* LP, 2023 WL 2988745, at *8 (D. Mass. Mar. 6, 2023), the court found that Mexican prosecutors would be receptive to the evidence sought under 28 U.S.C. § 1782, but that the applicant may not have been "a victim in the Mexican criminal proceedings

and therefore able to present evidence to the court." No such standing issue exists here: Clara is plainly a full party to her own divorce proceedings. In *In re Betapharm Arzneimittel GmbH*, 2024 WL 421996, at *3 (D. Mass. Feb. 5, 2024), the time for submission of evidence in the foreign proceeding had passed, and the court found that the applicant failed to demonstrate the "exceptional circumstances" required to justify additional discovery. Here, Fadi does not suggest that the court-appointed accountant has completed his inquiry.

**C. The subpoena is narrowly tailored — and has been further refined through the meet-and-confer process.**

The fourth *Intel* factor concerns whether the discovery request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Harvard's objections to the scope of the subpoena have been addressed through meet-and-confer discussions. *See* July 12, 2024, Declaration of Michael B. Smith, Exhibit A. Fadi's objections are without merit.

**1. *Clara and Harvard have resolved Harvard's objections.***

Clara and Harvard have agreed to a procedure that addresses their respective concerns regarding the scope of the subpoena. Specifically: (1) Harvard will search Harvard Business School records for the terms *Boustany*, *Solidere*, and *Metropole*; (2) to the extent those searches yield responsive documents, Harvard will produce those documents, including the details of pertinent transactions, such as transaction amounts and information concerning accounts associated with Boustany, Solidere, or Metropole, but redacting confidential information of Harvard and/or its students, including Harvard or student account numbers and any information protected by the Family

Educational Rights and Privacy Act; and (3) to the extent the results of Harvard's searches point to transactions between Boustany/Solidere/Metropole and Harvard, Harvard will make reasonable efforts to locate and produce records of such transactions that may be maintained outside of Harvard Business School, with appropriate redactions as described above. In addition, Clara has clarified that the temporal scope of the subpoena is limited to the period from January 1, 2018, to the present.

**2. *Fadi's objections are without merit.***

Fadi complains that Clara's application is a "bad faith fishing expedition." His sole basis for making this contention is that Clara has filed three other § 1782 applications in other jurisdictions. Fadi Opp. 7. But each of those other applications was both warranted and well-founded. Two of them were granted in full,[2] and one was denied without prejudice because the court found it was directed at the wrong party.[3] As to the application denied without prejudice (and contrary to Fadi's suggestion otherwise (*See* Fadi Opp. 8)), that court did not reach the statutory or discretionary factors. Instead, it ordered the respondent to provide Clara with the information necessary to subpoena the correct entity. Clara must seek discovery from third parties because Fadi has not been forthcoming with the Monégasque tribunal about his finances. *See* Giaccardi Decl. ¶ 7.

Fadi also argues that Clara should not be permitted to seek discovery concerning Solidere SAL and the Metropole Group because she does not reference those specific entities in her memorandum of law. Fadi Opp. 4-5. But Fadi cites no legal authority

---

[2] *See* S.D. Fla. No. 23-mc-20365-BB, ECF Doc. No. 9; S.D.N.Y. Case No. 1:23-mc-00027-JPO, ECF Doc. No. 7.

[3] *See* S.D.N.Y. Case No. 1:23-mc-00203-LGS, ECF Doc. No. 41.

requiring an applicant to preemptively justify each specific request. Nor does Fadi dispute that information regarding Fadi's assets is relevant to the divorce proceedings. And — as set forth in Schedule A to the subpoena — Solidere SAL and the Metropole Group are "entities of which Fadi Boustany is or was a beneficial owner." *See* Proposed Subpoena, Schedule A, Instruction No. 4 (ECF Doc. No. 1-1 at 4). Clara's identification of these entities does not render the subpoena burdensome or intrusive. To the contrary, it gives the subpoena a specificity that will minimize the burden on Harvard of identifying responsive documents.

Regardless, Clara's declaration in support of her application states that Fadi controls the Metropole Group. Moussa Boustany Decl., ¶ 5. As for Solidere, Fadi's involvement with that company is a matter of public record. *See* https://web.archive.org/web/20180305175143/http://solidere.com/corporate/about/boarddirectors. Moreover, Clara already has sought and obtained testimony and documents from a Solidere director pursuant to an order issued by the Southern District of New York. Smith Decl., Ex. B ¶ 6. The very same firm (and attorney) who appeared on behalf of the Solidere director at his deposition is counsel of record for Fadi in this proceeding. Any suggestion by Fadi that there is no basis for seeking information concerning Solidere or the Metropole group is disingenuous at best.

## III. Clara has no objection to the entry of a reasonable protective order.

Clara intends to comply with the Monégasque court's confidentiality procedures and is willing to work with Fadi's and Harvard's counsel — as she did with Fadi's

counsel in connection with the application that was granted in the Southern District of New York[4] — to agree on a stipulated protective order.

**CONCLUSION**

Because Clara's application meets all the statutory requirements of 28 U.S.C. § 1782, and because the *Intel* factors weigh in favor of granting the application, this Court should grant the application, consistent with the parameters to which Clara and Harvard have agreed regarding the scope of Harvard's search.

Dated: New York, New York
July 12, 2024

Respectfully submitted,

**LUPKIN PLLC**

By: *__/s/ Michael B. Smith_____*

Michael B. Smith (BBO #568584)

80 Broad Street, Suite 3103
New York, NY 10004
Tel: (646) 367-2771
msmith@lupkinpllc.com

*Counsel for applicant Clara Moussa Boustany*

[4] *See* S.D.N.Y. Case No. 1:23-mc-00027-JPO, ECF Doc. No. 9.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of July, 2024, a true and correct copy of the foregoing memorandum of law was duly served and filed through the ECF system on all registered participants.

_/s/ Michael B. Smith_
Michael B. Smith (BBO #568584)