UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re *Ex Parte* Application of<br><br>Clara Moussa Boustany,<br><br>        *Applicant*,<br><br>for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding | Misc. No. 1:24-MC-91065-AK |

**MEMORANDUM AND ORDER ON *EX PARTE* APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

**ANGEL KELLEY, D.J.**

Petitioner Clara Moussa Boustany ("Clara" or "Petitioner") moves for an order pursuant to 28 U.S.C. § 1782 granting her leave to conduct document discovery for use in a pending divorce proceeding in Monaco. For the following reasons, Petitioner's *Ex Parte* Application for an Order under 28 U.S.C. § 1782 [Dkt. 1] is **ALLOWED**.

**I.   BACKGROUND**

**A.  Factual Background**

This case began as a divorce proceeding in Monaco in October 2022 between Clara and Fadi Boustany ("Fadi"). [Dkt. 2 at 2]. Under Monégasque law, Clara may request an allowance for the duration of the divorce proceedings as well as compensation upon the dissolution of the marriage, based on various criteria. [Id.]. In determining the number of payments Fadi must make to Clara, the Monégasque Court of First Instance must consider Fadi's income, assets, and lifestyle. [Dkt. 4 at 2]. Thus, Petitioner and her attorney believe that statements and records

1

related to transfers, investments, and accounts maintained directly or indirectly by Fadi can help the Court of First Instance evaluate Fadi's income and assets. [Id.].

Petitioner claims that in addition to controlling luxury buildings, a parking facility, and a shopping center in Monaco, Fadi also controls the Boustany Foundation, located in Monaco and Switzerland. [Dkt. 3 at 1]. Since approximately 2009, the Boustany Foundation has funded the Boustany Foundation/Harvard University MBA Scholarship, which is offered every two years to an international student in the MBA program at the Harvard Business School. [Id. at 2]. Clara contends the information regarding the Boustany Foundation is relevant to monthly payments that Fadi must pay her during the divorce proceedings and after the dissolution of the marriage. [Dkt. 2 at 1-2].

On February 1, 2023, after a mandatory preliminary hearing, a Monégasque Conciliation Judge issued a decision acknowledging a discrepancy between Fadi's claimed income and his expenses; in other words, there is a question of fact regarding Fadi's finances. [Dkt. 2 at 2]. At the preliminary hearing, the Conciliation Judge also assigned an independent Parisian accountant, Mr. Munoz, to conduct a financial appraisal. [Dkt. 22 at 3]. Doing so entails "[c]onducting a full analysis of the assets and liabilities of both spouses, [r]esearching completely and accurately, the nature and significance of the spouses' income," and "[i]ssuing a written expert report on his operations within a period of 6 months starting from the day on which he begins them."[1] [Id.].

After Fadi discovered in February 2023 that some of the documents from the Monégasque divorce proceedings were disclosed to the media, he filed a civil complaint. [Id. at 3, 4]. The Conciliation Judge subsequently handed down a decision on June 15, 2023,

---

[1] In August 2023, the Conciliation Judge granted Mr. Munoz an extension, until February 15, 2024, to complete the financial appraisal. [Dkt. 22 at 4].

specifying the process by which Fadi must share sensitive documents with Mr. Munoz to avoid public disclosure. [Id. at 4]. Specifically, the Judge ordered that Fadi's counsel "must provide [Mr. Munoz] with the requested documents via an internet platform . . . only accessible to the expert." Id. If Clara or her counsel believe it is necessary to view certain documents, "the parties shall meet in the presence of the expert . . . to determine the terms, as applicable under the aegis of the Judge tasked with overseeing [Mr. Munoz's] appraisal." [Id.].

### B. Procedural History

On February 15, 2024, Clara filed an *ex parte* application for an order pursuant to 28 U.S.C. § 1782. Specifically, Petitioner seeks discovery from the President and Fellows of Harvard College ("Harvard") pertaining to Fadi's income and assets. On June 24, 2024, Fadi filed an opposition. [Dkt. 21]. Harvard also filed a response the same day. [Dkt. 23].

## II. LEGAL STANDARD

Section 1782 authorizes interested persons to seek discovery in the United States for use in foreign proceedings. Section 1782 sets out four statutory requirements that a petitioner must satisfy as a threshold matter. The petitioner must show that the request for discovery is: (1) directed to a person who "resides in or is found" in the district where the court sits; (2) for documents or testimony for use in a foreign proceeding; (3) made by a tribunal or upon the application of an interested party; and (4) not seeking material protected by "any legally applicable privilege." See § 1782(a); In re Schlich, 893 F.3d 40, 46 (1st Cir. 2018). "If all of these statutory requirements are met, the district court is authorized, but not required, to provide judicial assistance by permitting discovery." Id. District courts are required to exercise their discretion under Section 1782 "in light of the twin aims of the statute: 'providing efficient

assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'" Id. at 46-47.

If the statutory requirements discussed in Schlich are met, the Supreme Court stated there are four additional "discretionary factors" courts must then consider when deciding whether discovery under § 1782 should be allowed:

> (1) whether the person from whom discovery is sought is a party to the foreign proceeding . . . (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country;" and (4) whether the request is "unduly intrusive or burdensome" . . . .

In re Application of Chevron Corp., 762 F. Supp. 2d 242, 246 (D. Mass. 2010) (quoting Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (2004).

Section 1782 also requires discovery orders to be "in accordance with the Federal Rules of Civil Procedure," unless the Court should order otherwise. 28 U.S.C. § 1782(a). In turn, Rule 26 of the Federal Rules of Civil Procedure limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

A court may limit discovery if it is:

> (1) unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the proposed discovery is outside the scope permitted by Fed. R. Civ. P. 26(b)(1).

In re Akkermansia Co., No. 22-MC-91577-DJC, 2023 WL 4015992, at *4 (D. Mass. May 5, 2023).

### III.  DISCUSSION

Here, only one of the § 1782 statutory factors is in dispute.  Fadi argues that the evidence Clara seeks is not "for use" in a foreign proceeding because Mr. Munoz, the expert conducting the financial appraisal, did not request the evidence and it "does not conform to the Monégasque Court's confidentiality procedures." [Dkt. 21 at 3].  However, the declaration from Fadi's Monégasque counsel ("Pasquier-Ciulla Declaration") notes the confidentiality procedures only pertain to "documents considered sensitive." [Dkt. 22 at 4].  Fadi has not established that financial records relevant to the divorce proceedings are sensitive or that the ones Clara seeks specifically are sensitive.  Moreover, nothing in the summary of the confidentiality procedures suggests Clara cannot voluntarily provide the expert with documents.  The Pasquier-Ciulla Declaration states that Fadi must provide Mr. Munoz with requested documents that are sensitive via a confidential internet platform—not Clara.  [Id. at 4].  Mr. Munoz is specifically tasked with receiving "all documents deemed useful" to complete the financial appraisal the Conciliation Judge requested.  [Id. at 3].  Thus, Clara has met all four statutory factors.

The Court also finds that the four discretionary Intel factors weigh in favor of granting Clara's § 1782 application.  First, Harvard is not a party to the divorce proceedings in Monaco—Clara and Fadi Boustany are the only parties.  The second factor asks the Court to evaluate "the receptivity of the [foreign court] . . . to federal-court judicial assistance." Intel, 542 U.S. at 244.  Based on his experience practicing before Monégasque courts, Clara's attorney believes the Court of Instance would welcome the introduction of evidence related to Fadi's financial records to help it evaluate the amount and number of payments he must make to Clara.  [Dkt. 4 at 2].  For the reasons already discussed, the Court also believes Mr. Munoz would be receptive to receiving the documents Clara seeks to obtain.  Third, the Court does not believe that Clara is

attempting to circumvent "foreign proof-gathering" restrictions, as it appears she intends to submit the evidence to the Court-appointed accountant. [See Dkt. 24 at 5-6 (stating that "Clara has a clear avenue for the presentation of evidence collected via this proceeding [to the court-appointed accountant].")].

Finally, the Court must consider whether the requested discovery is "unduly intrusive or burdensome." Intel, 542 U.S. at 265. Petitioner seeks all documents concerning Fadi Boustany, the Boustany Foundation, and any Fadi Boustany entity. [Dkt. 1-1 at 7]. She also requests four additional categories of documents to establish the source and total amounts of contributions to Harvard or any Harvard student by Fadi Boustany, the Boustany Foundation, or any Fadi Boustany entity. [Id.]. The scope of the original request was certainly overly broad [See Dkt. 1-1 at 7], but Harvard's objections to the scope of the subpoena were resolved through meet-and-confer discussions. [Dkt. 24 at 8]. Specifically, Petitioner and Harvard have agreed to the following:

> (1) Harvard will search Harvard Business School records for the terms Boustany, Solidere, and Metropole;
> (2) to the extent those searches yield responsive documents, Harvard will produce those documents, including the details of pertinent transactions, such as transaction amounts and information concerning accounts associated with Boustany, Solidere, or Metropole, but redacting confidential information of Harvard and/or its students, including Harvard or student account numbers and any information protected by the Family Educational Rights and Privacy Act; and
> (3) to the extent the results of Harvard's searches point to transactions between Boustany/Solidere/Metropole and Harvard, Harvard will make reasonable efforts to locate and produce records of such transactions that may be maintained outside of Harvard Business School, with appropriate redactions as described above. In addition, Clara has clarified that the temporal scope of the subpoena is limited to the period from January 1, 2018, to the present.

[Dkt. 24 at 8-9]. By limiting the scope of documents in this way, Clara's request should no longer be unduly intrusive or burdensome for Harvard. "Complying with a limited request like this will likely not require the respondents to scour the entirety (or even the majority) of their

6

business and financial records." Sandra Holding Ltd. v. Al Saleh, No. 18-MC-91406-PBS, 2019 WL 3072197, at *5 (D. Mass. July 15, 2019).  Moreover, Clara does not object to the entry of a protective order.  [Dkt. 24 at 10].

### IV.    CONCLUSION

For the foregoing reasons, Petitioner's Application for an Order Under 28 U.S.C. § 1782 [Dkt. 1] is **ALLOWED**.  Petitioner is allowed to seek discovery from Harvard, but only within the parameters Clara and Harvard have discussed and agreed to during their meet-and-confers.  The Court also directs the parties to submit a joint proposed protective order by September 3, 2024.

**SO ORDERED.**

Dated: August 5, 2024                                            /s/ Angel Kelley
                                                                                Hon. Angel Kelley
                                                                                United States District Judge