**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re Ex Parte Application of Clara Moussa Boustany for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding | Misc. No. 1:24-MC-91065-AK |

**JOINT MOTION REQUESTING ENTRY OF ONE OF TWO COMPETING PROPOSED PROTECTIVE ORDERS**

The Parties to the above-referenced proceeding—Petitioner Clara Moussa Boustany ("Clara"), Fadi Boustany ("Fadi"), and Respondent President and Fellows of Harvard College ("Harvard")—jointly request the Court decide a single remaining dispute between Clara and Fadi regarding the language of the parties' Proposed Protective Order.

On August 5, 2024, Your Honor ruled that "Petitioner's Application for an Order Under 28 U.S.C. § 1782 [Dkt. 1] is ALLOWED. Petitioner is allowed to seek discovery from Harvard, but only within the parameters Clara and Harvard have discussed and agreed to during their meet-and-confers. The Court also directs the parties to submit a joint proposed protective order by September 3, 2024." Dkt. No. 25 at 7.  Since that time, counsel for the Parties have been meeting in good faith to submit a Proposed Protective Order to the Court that all Parties agree on.

Unfortunately, counsel for Clara and Fadi are unable to agree on a single issue: whether certain financial account numbers (including routing numbers) that may be produced by Harvard to Clara would be redacted, except to the last four digits.  Simply put: Fadi wishes that any financial account numbers contained in documents produced by Harvard to Clara be redacted except to the last four digits.  Clara has agreed to the redaction of passwords and social security numbers, but does not agree to the redaction of account numbers or routing numbers.  All parties agree Harvard is entitled to redact its own confidential or proprietary information, as well as other confidential and proprietary information related to its students, staff or other non-parties unrelated to the subject matter of this dispute (including, but not limited to any information that is protected by the Family Education Rights and Privacy Act ("FERPA")).  Harvard takes no position with respect to the dispute between Clara and Fadi regarding any remaining redactions.

Attached hereto as **Exhibit A** is a Proposed Protective Order from Clara.  Attached hereto as **Exhibit B** is a Proposed Protective Order from Fadi.  Attached hereto as **Exhibit C** is a

1

redline between the two proposed orders, which reflects a single change to the last sentence of paragraph 3 of the otherwise identical Proposed Protective Orders: "Fadi Boustany may redact passwords and Social Security, account, and routing numbers, except for the last four digits."

Clara and Fadi respectfully request that the Court rule on this singular issue. The two parties submit their respective positions as follows.

### Clara's Position

After full briefing on the scope of Clara's subpoena and a ruling thereon by Your Honor, Fadi now wants to revisit that ruling to allow him to redact the very information to which this Court's August 5, 2024, Order entitles Clara: account information that can be used to uncover Fadi's assets. See ECF Doc. No. 25. Where a protective order is adequate to protect confidential information — as is the case here —responsive information should not be redacted for reasons other than privilege. *Aronstein v. Massachusetts Mut. Live Ins. Co.*, No. 15-12864-MGM, 2017 WL 2818993, *5 (D. Mass. June 29, 2017); *Sexual Minorities of Uganda v. Lively*, No. 3:12-3005, 2015 WL 4750931, *4 (D. Mass. Aug. 10, 2015).

Fadi contends redaction of responsive account information is necessary because documents used in the Monégasque proceedings previously were leaked to the media. But the Monégasque court instituted new procedures in response to that leak, and Fadi does not show that those procedures — bolstered by the protective order Clara proposes — would be inadequate to protect Fadi's information. See id. at 3. Indeed, the protective order proposed by Clara is the same protective order Fadi agreed to in two other § 1782 cases concerning Fadi's finances. See S.D.N.Y. No. 1:23-mc-00027-JPO, ECF Doc. No. 9; S.D. Fla. No. 1:23-mc-20365-BB, ECF Doc. No. 12. Even the protective order Fadi originally proposed in this case did not give him the right to redact Harvard's production. See ECF Doc. No. 21-1. Nor did Fadi challenge Clara's right to discover Fadi's full account information in his opposition, despite seeking other

restrictions to the scope of production. See ECF Doc. No. 21 at 4-5, 7-8. Nothing has changed in the last few weeks that would justify revisiting and restricting the scope of this Court's August 5 Order. Even so, Clara offered to limit disclosure of full account and routing numbers to Clara's lawyers and the Monégasque court. Tellingly, Fadi rejected that offer.

In *Paper Thermometer Co., Inc. v. Murray*, No. 10-cv-419-SM, 2011 WL 5006958, *3 (D. N.H. Oct. 20, 2011), the plaintiffs proposed — as Fadi does here — to produce documents in accordance with the defendants' proposed protective order only after redacting "the precise data that defendants claim they need …." The district court concluded that "a protective order such as that proposed by defendants is more reasonable [and] adequately addresses [the plaintiffs' confidentiality] concerns …." Id. at *4. The same conclusion is merited here.

### Fadi's Position

This Court previously recognized that, "[a]fter Fadi discovered in February 2023 that some of the documents from the Monégasque divorce proceedings were disclosed to the media," the Monégasque Court instituted strict confidentiality procedures regarding discovery in the action. Dkt. No. 25 at 2-3. This Court then permitted Clara's discovery request because, in part, it was "not established that financial records relevant to the divorce proceedings are sensitive or that the ones Clara seeks specifically are sensitive." *Id*. at 5 (emphasis added). But now Clara seeks full disclosure of financial account and routing numbers, as opposed to the standard practice of partially redacting those numbers to their last four digits. Nothing could be more sensitive than such information, and Clara has not demonstrated (and indeed, it is not at all clear) why she needs full financial account numbers, as opposed to the typical information required for identification (financial institution, account name, and last four digits of the account number). That is why under FRCP 5.2(a)(4), a filing may only include "the last four digits of the financial-account number," and violation of the rule subjects a party to sanctions.

Fadi requests that financial account numbers of anyone (parties and non-parties) revealed in the documents be redacted except for their last four digits. This is standard in this District and in federal courts around the country. *See, e.g., Fine v. Sovereign Bank*, No. 06CV11450-NG, 2008 WL 11388664, at *6 (D. Mass. July 2, 2008) (ordering discovery of financial information but only the "last four digits of the account number"); *Weinreis Ethanol, LLC v. Kramer*, No. 21-CV-03120-CMA-NRN, 2022 WL 18636654, at *5 (D. Colo. Dec. 15, 2022) (documents were "appropriately redacted to include only the last four digits of the account or social security number"); *Haynes v. Wells Fargo Bank, N.A.*, No. 2:08-CV-183-JRG-RSP, 2015 WL 4455961, at *2 (E.D. Tex. July 20, 2015) ("Defendant may redact all but the last four digits of the account numbers"); *Viehweg v. Sirius XM Radio, Inc.*, No. 17-CV-3140, 2018 WL 3954845, at *5 (C.D. Ill. Aug. 17, 2018) (ordering discovery of "all but the last four digits of account numbers"); *Essex Ins. Co. v. Barrett Moving & Storage, Inc.*, 2013 WL 12394151, at *3 n.2 (M.D. Fla. June 3, 2013) (same); *Laos v. Grand Prize Motors, Inc.*, No. 11-CIV-22973, 2012 WL 718713, at *6 (S.D. Fla. Mar. 6, 2012) (same). If partial redactions truly prevent Clara from verifying information, the proper procedure would be for her to move the Court to request modifications. *See Fleming v. Parnell*, No. C13-5062 BHS, 2013 WL 4511494, at *5 (W.D. Wash. Aug. 23, 2013) (instituting this procedure for credit card numbers). But in the first instance—and considering that the Monégasque Court has already instituted strict confidentiality procedures after sensitive documents were leaked to the international press—the "appropriate[]" course of partial redactions should be followed. *Weinreis*, 2022 WL 18636654, at *5. Fadi therefore requests the Court enter his Proposed Protective Order (**Exhibit B** hereto),[1] which balances the

---

[1] Fadi's original proposed order was silent as to redactions because it was expected that counsel would meet-and-confer to see if any disagreements arose, as has happened. In S.D. Fla. No. 1:23-mc-20365-BB, which included the same respective counsel for Clara and Fadi, documents were produced with redactions, and Clara's counsel had no objection, despite the

sensitive financial information contained in the documents with Clara's ability to request unredacted information later if she demonstrates a sufficient need.

| | |
|---|---|
| **ROTTENSTREICH FARLEY BRONSTEIN FISHER POTTER HODAS LLP** | **CLOHERTY & STEINBERG LLP** |
| */s/ Michael B. Smith*<br>By: Michael B. Smith | */s/ Daniel J. Cloherty*<br>By: Daniel J. Cloherty |
| 500 Park Avenue, 8th Floor<br>New York, NY  10022<br>msmith@rfbllp.com<br>(212) 956-8300 | One Financial Center, Suite 1120<br>Boston, MA  02110<br>dcloherty@clohertysteinberg.com<br>(617) 481-0160 |
| *Counsel for Clara Moussa Boustany* | *Counsel for President and Fellows of Harvard College* |

**DECHERT LLP**

*/s/ Patrick Andriola*
By: Patrick Andriola (*pro hac vice*)

1095 Avenue of the Americas
New York, NY  10036
pat.andriola@dechert.com
(212) 641-5619

*Counsel for Fadi Boustany*

---

protective order's silence on the issue.  Fadi's counsel only raised the issue here once Clara's counsel would not agree to the partial redaction of account numbers.  The Court never considered this issue (precisely because Clara never raised it in her application), except for stating that it was unclear from the Petition if Clara was seeking sensitive financial information.  *See* Dkt. No. 25 at 5.  It is now clear that she is, and redactions are appropriate.

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September, 2024, a true an correct copy of the foregoing Joint Motion, and the Certification of Counsel, was duly served and filed through the ECF system and all registered participants.

/s/ Patrick Andriola