# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re Ex Parte Application of Clara Moussa Boustany for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding | Misc. No. 1:24-MC-91065-AK |

## STIPULATION AND [PROPOSED] CONFIDENTIALITY ORDER

IT IS HEREBY STIPULATED TO, by and between the undersigned, counsel for

Applicant Clara Moussa Boustany and Respondent Fadi Boustany (each a "Receiving Party"),

and President and Fellows of Harvard College ("Harvard"), collectively the "Parties", and

sometimes referred to individually as "Party," as follows:

1.      This stipulation and [proposed] order (the "stipulation") is being entered into to

facilitate the production, exchange, and discovery of documents and information that the Parties

agree merit confidential treatment (hereinafter the "Documents," "Discovery Responses," or

"Testimony" and collectively, "Information").  The stipulation is expressly pursuant to the

Court's Memorandum and Order, Dkt. No. 25, dated August 5, 2024.

2.      Any Party or non-party may designate Information produced or given in this

action as "Confidential," either by including the words "CONFIDENTIAL – Subject to

Protective Order" on the document, by making a statement on the record of the deposition, or by

advising the respective undersigned counsel for the parties hereto and appropriate non-parties in

writing.

3.      Nothing in this Stipulation and Order shall preclude Harvard from redacting any

of Harvard's confidential or proprietary information or any confidential or proprietary

information of  its students or its staff, or non-parties unrelated to the subject matter of Clara

Moussa Boustany's subpoena, including, but not limited to, any information that is protected by the Family Education Rights and Privacy Act ("FERPA") prior to Harvard's production of any Documents or Information in response to any subpoena issued in connection with the above-captioned litigation.  Fadi Boustany may redact passwords and Social Security, account, and routing numbers, except for the last four digits.

4.      As used herein:

4.1. "Confidential Information" shall mean Information designated as "Confidential" because the Designating Party, as defined below, believes that such Information contains information protected from disclosure by law, trade secrets, proprietary business information, non-public financial information, competitively sensitive information, personal identifying information, or other information the disclosure of which would, in the good faith judgment of the Designating Party, be detrimental to the conduct of that party's business or career (or the business or career of any of that Designating Party's customers or clients), or would unnecessarily disclose private and personal information. Confidential Information shall not include Information that (a) was or is clearly public knowledge, not in violation of this stipulation; (b) is acquired by the Receiving Party from a third-party having the right of disclosure of such Information; or (c) was lawfully possessed by the Receiving Party prior to entry by the Court of this stipulation.

4.2. "Designating Party" shall mean the Party or non-party designating Confidential Information in this action in connection with depositions, document production, or otherwise.

5.      The Receiving Party may, at any time, notify the Designating Party that the

Receiving Party does not concur in the designation of certain Information as Confidential

Information. If, after consultation, the parties continue to disagree in good faith regarding the

legitimacy of the designation of the Information at issue, the Receiving Party may apply to the

Court for an order that removes or modifies the confidentiality designation assigned to the

Information at issue. Notwithstanding the foregoing, the operative law shall determine which

party bears the burden of proof regarding the propriety of the disputed confidentiality

designation. If the Receiving Party makes an application to de-designate Confidential

Information, the Information at issue will retain the confidentiality designation assigned to it by

the Designating Party until the Court rules otherwise.

6.      Except with the prior written consent of the Designating Party or by Order of the

Court, Confidential Information shall not be furnished, shown, or disclosed to any person or

entity except to:

6.1. Clara Moussa Boustany and representatives of her estate or Fadi Boustany and

representatives of his estate;

6.2. counsel for the Parties to this action and any action, whether presently pending or

which may be filed in the future, in Monaco, France, Switzerland, or Lebanon,

between Clara Moussa Boustany or her estate, on the one hand, and Fadi Boustany

or his estate, on the other hand, other than adjudications before purely private bodies

(the "Boustany Proceedings"). This paragraph 6.2 includes counsel's associated

attorneys, paralegals, and other professional personnel (including support staff) who

are directly assisting such counsel in the preparation of the Boustany Proceedings for

3

trial or other proceeding, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

6.3. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with the Boustany Proceedings, including without limitation, the collection, processing and production of electronically stored information ("ESI"), giving testimony in this case or the Boustany Proceedings, provided, however, that such Confidential Information is furnished, shown, or disclosed in accordance with paragraph 8 hereof;

6.4. the Court and court personnel in this case, and in the Boustany Proceedings;

6.5. court reporters, stenographers, videographers, and any necessary secretarial, clerical, or other personnel working in this case or the Boustany Proceedings;

6.6. trial and deposition witnesses in this case or in the Boustany Proceedings, if furnished, shown, or disclosed in accordance with paragraphs 9 and 10, respectively, hereof;

6.7. as necessary to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, except that the party from which the Confidential Information is sought shall (a) give written notice by overnight mail and email to the counsel for the Designating Party within three (3) business days of receipt of such order, subpoena, or direction, and (b) give the Designating Party at least five (5) business days thereafter to object to the production of such Confidential Information. Notwithstanding the foregoing, nothing in the subparagraph shall be construed as requiring any party to subject itself to any penalties for noncompliance

with any court order, subpoena, or other direction by a court, administrative agency,

or legislative body;

6.8. any person who independently and lawfully has access to such Confidential

Information; and

6.9. any other person agreed to by the parties.

7.      Confidential Information shall be utilized by the Receiving Party and its counsel

only for purposes of the above-captioned litigation or the Boustany Proceedings and shall not be

used for any business, commercial, competitive, personal, or other purposes.

8.      Before any disclosure of Confidential Information is made to an expert witness or

consultant pursuant to paragraphs 6.3 hereof, counsel for the Receiving Party shall secure the

expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply

with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy

to counsel for the Designating Party at the time of the disclosure of the information required to be

disclosed by Federal Rule of Civil Procedure 26(a)(2), except that any certificate signed by an

expert or consultant who is not expected to be called as a witness at trial or at any court hearing

is not required to be supplied.

9.      All transcripts shall presumptively be treated as Confidential Information and

subject to this stipulation.

10.     This stipulation shall not preclude counsel for the parties from using, during any

deposition or trial in this action or in any of the Boustany Proceedings, any Information which

has been designated as Confidential Information under the terms hereof. Any witness who is

given access to Confidential Information shall, prior thereto, be provided with a copy of this

stipulation and shall execute the certificate annexed hereto. If a witness refuses to agree to be

5

bound by the stipulation, an application may be made to the court or other tribunal presiding over

this case or the Boustany Proceeding in which the witness' testimony is required, requesting that

the court or tribunal direct the witness to abide by the terms of the stipulation.

11.     Any party may become a Designating Party by designating as Confidential any

Information produced or given by another party or a non-party that does not include such a

designation by so notifying all counsel in writing up to thirty (30) days after actual receipt of

copies of the Information by the party becoming a Designating Party under this paragraph. Upon

such designation, the Information shall be treated as Confidential.

12.     Any party who seeks to file with this court or any court or tribunal presiding over

a Boustany Proceeding any Information designated at that time as comprising or containing

Confidential shall provide the Designating Party written notice of its intent to file such material

with the court or tribunal. If the Designating Party in good faith believes that the Information at

issue complies with the standard for sealing court or tribunal records, that party may submit an

application requesting such relief in accordance with the procedures of the court or tribunal in

which the sealing is sought. To the extent the material was designated by a party other than the

filing party, and the filing party does not in good faith believe the Information at issue warrants

sealing, the burden of seeking leave to file such Information under seal shall be on the

Designating Party. If, within two (2) business days after being notified of by filing party that it

intends to file Confidential Information, the Designating Party has not made an application for

leave to file under seal, the filing party may file the Information without seal.

13.     Any person receiving Confidential Information shall not reveal or discuss such

information to or with any person not entitled to receive such information under the terms hereof.

14.     The inadvertent delivery to a Receiving Party of Information that is not designated "Confidential", but that could properly be so designated, shall be without prejudice. If, at any time after producing Information, a party or non-party determines that the Information produced should have been designated "Confidential" that party or non-party shall provide written notice to the Receiving Party with a replacement copy of the Information bearing a confidential designation. Upon receipt of such designated Information, the Receiving Party shall promptly return the undesignated Information, and all copies thereof, to the Designating Party. Promptly after receipt of a written notification that Information should have been designated "Confidential" the Receiving Party shall treat the undesignated Information as though it has been so designated and shall make a reasonable effort to retrieve all copies of the Information for return to the Designating Party.

15.     Extracts and summaries of Confidential Information shall also be treated as Confidential Information in accordance with the provisions of this stipulation, as will any Confidential Information produced or filed in the Boustany Proceedings.

16.     The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of that information in any other action, or of other Information in this action or in any other action.

17.     The production of privileged or work-product protected documents, ESI or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding, and upon request of the producing party or non-party, such documents, ESI or other information shall be returned. This paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein shall preclude the party returning such document,

7

ESI or other information from applying to this Court for an order that the returned material is not protected from disclosure by any privilege or protection. Furthermore, nothing contained herein is intended or shall serve to limit a party's right to conduct a review of documents, ESI or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

18.     This stipulation is entered into without prejudice to the right of any Party to seek relief from, or modification of, this stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law. This stipulation may be changed by further order of this Court, and the parties and, as appropriate, the Designating Party, if different, may also seek or agree to different or additional protection for any particular material or information.

19.     In the event of a disclosure of Confidential Information to a person or entity not authorized to receive such disclosure under the provisions of this Order, the person or entity responsible for having made such disclosure shall immediately procure the return of the material and inform counsel for the Designating Party of all relevant information concerning the nature and circumstances of such disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential Information occurs.

20.     Absent prior written consent of all Parties, this stipulation shall continue to be binding after the conclusion of this action.

21.     Nothing herein shall be deemed to waive any privilege recognized by law nor shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

22.     In the event anyone shall violate or threaten to violate any term of this stipulation (the "Responding Person"), the parties agree that the aggrieved party or non-party may immediately apply for relief to prevent the Responding Person from violating or threatening to violate any of the terms of this stipulation and, in the event that the aggrieved party shall do so, the Responding Person subject to this stipulation shall not employ as a defense thereto that the aggrieved party possesses an adequate remedy at law.

23.     A violation of this Stipulation by a Receiving Party—or, with the Receiving Party's actual advance notice and acquiescence, any of its agents as defined in paragraphs 6.1 and 6.2 herein—by willfully revealing Confidential Information to unauthorized third parties (as determined by this Stipulation) shall entitle a Designating Party to actual monetary damages to be determined by the factors surrounding such violation, including the scope of the violation, the substance of the underlying Confidential Information, and the third parties said information was inappropriately disclosed to. This Court retains jurisdiction to enforce this provision.

24.     It is further stipulated and agreed that this stipulation may be executed by the Parties in one or more counterparts, all of which taken together shall constitute one and the same instrument and shall become effective immediately upon execution of counterparts by all Parties. This stipulation may be executed by the parties by facsimile or electronic signature, which signature shall be deemed original for the purposes of this stipulation.

25.     The Parties and Court reserve the right to amend this stipulation at any time.

Form agreed to and stipulated by:

**ROTTENSTREICH FARLEY**
**BRONSTEIN FISHER POTTER**
**HODAS LLP**

**CLOHERTY & STEINBERG LLP**

By: Daniel J. Cloherty

By: Michael B. Smith

One Financial Center, Suite 1120
Boston, MA  02110
dcloherty@clohertysteinberg.com
(617) 481-0160

500 Park Avenue, 8th Floor
New York, NY  10022
msmith@rfbllp.com
(212) 956-8300

*Counsel for President and Fellows of*
*Harvard College*

*Counsel for Clara Moussa Boustany*

**DECHERT LLP**

By: Patrick Andriola

1095 Avenue of the Americas
New York, NY  10036
pat.andriola@dechert.com
(212) 641-5619

*Counsel for Fadi Boustany*

**SO ORDERED**:

_____

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

In re Ex Parte Application of Clara Moussa
Boustany for an Order Pursuant to 28 U.S.C.
§ 1782 Granting Leave to Obtain Discovery
for Use in a Foreign Proceeding

Misc. No. 1:24-MC-91065-AK

---

**AGREEMENT CONCERNING MATERIAL COVERED BY ORDER**
**FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

The undersigned hereby acknowledges that he/she has read the stipulation entered in this
action by the United States District Court for the District of Massachusetts on _____, 2024,
that he/she understands the terms thereof, and that he/she agrees to be bound by such terms.

_____
**SIGNATURE**

_____
**NAME (PRINTED)**

_____
**AFFILIATION/COMPANY**

_____
**DATE**